IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALVIN JAMES JOHNSON, #162564, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-0002-TMH |
| | ) | |
| SHERIFF D. T. MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Alvin James Johnson ["Johnson"], an indigent inmate, challenging the denial of notary service for a complaint he sought to file against his attorney with the Alabama State Bar Association.  Specifically, Johnson complains the mail clerk at the Montgomery County Detention Facility discriminated against him based on the nature of his correspondence when she refused to notarize the bar complaint despite his having the necessary funds in his inmate account for the applicable cost of notary service while providing this service for federal legal documents.  Johnson seeks monetary damages for the alleged violation of his constitutional rights.

The defendant filed a special report and relevant supporting evidentiary materials addressing Johnson's claim for relief.  Pursuant to the orders entered in this case, the court

deems it appropriate to construe the report as a motion for summary judgment.  *Order of February 17, 2009 - Court Doc. No. 17*.  Thus, this case is now pending on the defendant's motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes the defendant's motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th  Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendant's properly supported motion for summary judgment, Johnson is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim for relief.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id.* at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations"

4

challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting

the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not

mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Johnson fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## III.  DISCUSSION

### A. Absolute Immunity

With respect to any claims Johnson lodges against defendant Marshall in his official capacity, the defendant is entitled to absolute immunity from monetary damages.[2] Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th

---

[2]Under all facets of Alabama law, a county sheriff and his correctional staff act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff and, by extension, his staff as members of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State).

Cir. 1997).

In light of the foregoing, it is clear defendant Marshall is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## II.  DISCUSSION

### A.  Uncontested Material Facts

On June 24, 2008, Johnson submitted to the mail clerk at the Montgomery County Detention Facility, Sondra Wright, a request for notarization of a letter to the Alabama State Bar Association.  In this correspondence, Johnson sought to file a complaint against the attorney representing him on his pending criminal charge.  Johnson had a balance of sixty-nine cents in his inmate account when he submitted the request for notarization. Following a protocol provided by her predecessor, Ms. Wright advised Johnson she could not notarize the form because at the time of the request he lacked sufficient funds in his inmate account, i.e., a minimum of $2.00, to obtain notary service.  Ms. Wright mistakenly relied on the protocol when denying Johnson's request as the protocol had previously been deemed invalid and  repealed by jail officials. *Defendant's Exhibit (Wright Affidavit) - Court Doc. No. 16-1* at 1-2; *Defendant's Exhibit  (Savage Affidavit) - Court Doc. No. 16-1*

at 1.   Additionally, in denying the request, Ms. Wright also relied on the facility's regulation limiting notary service to "Federal legal documents only and Inmate Johnson did not indicate on his request that the paperwork was for the Federal Courts."  *Id*.   Notary service on documents intended for the federal courts is provided at a charge of fifty cents per page.  *Attachment to the Complaint - Court Doc. No. 1-1* at 2.

Johnson  subsequently  received  permission  from  jail  officials  to  have  his correspondence  to  the  Alabama  State  Bar  Association  notarized.   However,  Johnson concedes  he  no  longer  needed  notary  service  because  "the  State  Bar  accept[ed]  my complaint without it been notarized or without it been written in ink."  *Response - Court Doc. No. 71* at 3; *Amendment to the Complaint - Court Doc. No. 13-1 (August 14, 2008 Letter from the Office of General Counsel for the Alabama State Bar)* ("Dear Mr. Johnson: Your recent correspondence to the Alabama State Bar/Disciplinary Commission has been received.  You may fill the [complaint] form out in pencil and as an inmate we will accept your form without it being notarized.").

## B.  Disposition of Complaint

Johnson maintains Ms. Wright discriminated against him because he had "enough [money in his inmate account] to pay the fee of fifty cents ... that is required for the notary...." but she did not provide this service due to her erroneous reliance on a rescinded protocol and because the document did not pertain to a federal cause of action.  *Complaint*

9

*- Court Doc. No. 1* at 3; *Response - Court Doc. No. 71* at 2-3 ("I was discriminated against by Ms. Wright, and deprived Equal Protection of the Laws, because she refused to accept my payment of $.50 (50 cents) on June 24, 2008 for notary service.... [T]o provide notary for Federal Legal documents only and not for State legal documents is a violation of [the equal protection rights] for every detainee, county and state inmate with State legal documents to be notarized.... Defendant Marshall is the sole supervisor of all employees of the Montgomery County Sheriff Department ... [and] is ... responsible for ... his employees being properly trained.... Defendant Marshall, failure to properly train and supervise Ms. Wright, is what cause the violation of the plaintiff rights. If defendant Marshall had of supervised Ms. Wright, training more closely she wouldn't have made the mistake she did and violated plaintiff constitutional rights....").

To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ...

10

discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). Since this case is before the court on a properly supported motion for summary judgment from the defendant, Johnson bears the burden of producing evidence which would be admissible at trial sufficient to show that the action of the defendant resulted from intentional discrimination. *Celotex*, 477 U.S. at 322-324; *Waddell*, 276 F.3d at 1279. The plaintiff cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. Instead, the law is clear that the plaintiff must present significant probative evidence of intentional

discrimination by jail personnel to preclude summary judgment in favor of the defendant. *Id*. at 249.

Initially, the court notes Johnson fails to identify any similarly situated inmate, an inmate seeking to have a non-federal legal document notarized, towards whom the defendant or his employees acted in a more favorable manner; rather, Johnson concedes the denial of notary service to "every detainee, county and state inmate with State legal documents to be notarized." *Response - Court Doc. No. 71* at 2-3.  Thus, "[Johnson's] equal protection claim necessarily fails first because he has not shown that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319.  In addition, Johnson fails to meet his pleading burden as he does not allege the defendant or his employees subjected him to adverse treatment based on some constitutionally impermissible reason.  Instead, Johnson acknowledges the challenged action occurred due to the nature of the document he submitted for notarization.

In addition, beyond his self-serving and conclusory allegation of discrimination, Johnson presents no evidence, significantly probative or otherwise, which suggests the defendant or other jail officials denied him notary service based on a constitutionally impermissible reason.  The record is therefore devoid of evidence indicating the defendant or his employees acted in an intentionally discriminatory manner.  The allegations presented by Johnson do not warrant an inference of discriminatory intent as the mere

showing of a disparate impact upon inmates is insufficient to demonstrate an equal protection violation. *Sweet*, 467 F.3d at 1319.  Morever, the differential treatment afforded inmates for notarization of federal and state documents, absent intentional discrimination, does not implicate a violation of the Equal Protection Clause.  *Sweet*, 467 F.3d at 1319; *E & T Realty*, 830 F.2d at 1114-1115; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994).  With respect to any allegation arising from the arbitrary application of administrative rules/ protocols, such likewise fails to constitute a violation of the Constitution.  *E & T Realty*, 830 F.2d at 1114.  Consequently, the defendant is entitled to summary judgment on the claim regarding an equal protection violation.

### C.  Negligence

To the extent the complaint can be construed to allege a claim of negligence, Johnson is entitled to no relief.  The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property.  *Daniels v. Williams*, 474 U.S. 327 (1986)  (negligent loss of property does not rise to the level of a constitutional violation.); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (protections of the Constitution "are just not triggered by lack of due care by prison officials.").  Thus, a claim based on alleged negligence by jail personnel does not rise to the level of a constitutional violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendant.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before February 7, 2012 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

14

*banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down

prior to the close of business on September 30, 1981.

Done this 23rd day of January, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

15